OPINION. Tietjens, Judge: Respondent takes the position that the plan under which sickness benefits were paid under the circumstances here presented does not fall within the phrase “health insurance” as it is used in the Internal Revenue Code of 1939, section 22 (b) (5); [1] that the phrase as there employed has a limited reference to ordinary commercial types of insurance policies either sold to individuals by authorized insurance companies or purchased therefrom by employers for the benefit of their employees. He relies upon our decision in Glen E. Blackburn, 15 T. C. 336, and George E. Murphy, 20 T. C. 746, and upon a 1950 decision of the Court of Appeals for the District of Columbia Circuit, Waller v. United States, 180 F. 2d 194, and Moholy v. United States, 132 F. Supp. 32 (N. D., Cal., 1955). So far as can be ascertained this Court has never decided the precise question involved in this proceeding. We recognize there are decisions of other courts which would sustain a result contrary to that sought by respondent. Epmeier v. United States, 199 F. 2d 508 (C. A. 7, 1952); Haynes v. United States, 139 F. Supp. 671 (N. D., Ga., 1955); Herbkersman v. United States, 133 F. Supp. 495 (D. Ohio, 1955). Nevertheless, we start with the proposition that statutes granting deductions from taxable income or exemptions from taxation are to be strictly construed. This has so often been held that it is not necessary extensively to cite the authorities. We simply refer to Peoples Finance & Thrift Co., 12 T. C. 1052, construing the very section of the Internal Revenue Code with which we are here concerned. There we said, at page 1055, “A well founded doubt as to the meaning of an exemption statute is fatal to a claim of exemption from taxation.” With this proposition in mind we agree with respondent that petitioner has not brought himself within the terms of section 22 (b) (5). He has not demonstrated that the amounts paid him by his employer were “received through * * * health insurance * * * as compensation for sickness * * The crux of the question is whether the Disability Benefit Plan pursuant to which the payments were made constitutes or is to be taken as “health insurance” within the meaning of the statute. The meaning of these words is not free from doubt, but we take it they were used “in their ordinary service.” Moholy v. United States, supra. We have examined the plan and its operation with care but cannot find that the employer here intended to or did as a matter of law become an insurer of petitioner’s health. True, the employer, as part of its contract of employment with the petitioner undertook to pay him certain “sickness benefits,” the amount being directly related to his length of service, his “normal earnings,” etc., but not dependent in any way upon the degree or extent of his illness. But we do not think this puts the employer in the position of having issued “health insurance” to petitioner, as that term is ordinarily understood, or of having insured petitioner’s health. What the employer did, as we view the facts, is nothing more nor less than undertake to pay “sick leave pay” to petitioner or, to put it another way, to keep petitioner on the payroll during certain periods of illness when he was unable to work. There is a difference, to our way of thinking, between “health insurance” and the sick benefits payable under the Disability Benefit Plan, which, while hard to define, nevertheless exists. Sick pay is essentially tied into the employer-employee relationship. Such pay is earned by the employee as he works. He pays for it in no other way. No premiums are collected from him and no insurance fund exists. Fundamentally the amounts paid to petitioner fall within the broad definition of “gross income” contained in section 22 (a) which includes “income derived from salaries, wages or compensation for personal service.” They are compensatory in nature, paid to him because he was an employee and not because his employer insured him against sickness. In a recent decision, Branham, et al. v. United States, 136 F. Supp. 342 (W. D., Ky., 1955), the court was concerned with a claim similar to that made here. The taxpayer was an employee of Standard Oil Company of Kentucky. The plan there in effect was in many ways like the Disability Benefit Plan in effect here. It differed in that the plan there stated that it was a purely voluntary provision made by the company for its eligible employees and that it constituted no contract and conferred no right of action. There, as here, the employee paid nothing and the potential loss anticipated by the employee’s sickness was borne by the company and was in no wise diffused through the group of employees. In deciding against the taxpayer the court said There,is no risk distribution and as quoted with approval in the case of Commissioner of Internal Revenue v. Treganowan, 2 cir., 183 F. 2d 288, 291, “ ‘The process of risk distribution, therefore, is the very essence of insurance.’ ” We conclude that petitioner has not brought his sick benefits within the statutory exemption. In the succinct words of Judge Murphy in Moholy v. United States, supra, dealing with a problem similar to the one here, “Sick leave with full pay” is an ordinary, well understood phrase. “Health, insurance” is likewise an ordinary, well understood phrase. Taking their ordinary meaning they are not the same. Sick leave pay is just not “amounts received through health insurance.” Reviewed by the Court. Decision will be entered for the respondent. SEC. 22. GROSS INCOME. (b) Exclusions Feom Gboss Income. — The following Items shall not be Included In gross Income and shall be exempt from'taxation under this chapter: ******* (5) Compensation bob injubies ob sickness. — Except In the case of amounts attributable to (and not In excess of) deductions allowed under section 23 (x) In any prior taxable year, amounts received through accident or health insurance or under workmen’s compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country;